## Clements v. Kandler.

*Constitutional law—Deprivation of property rights—Estate by entireties —Sale of property after divorce—Act of May 13, 1925.*

1. The Act of May 13, 1925, P. L. 649, providing for the sale of real estate held by entireties and the division of the proceeds between the husband and wife after their divorce, is in conflict with the due process clause of the 14th Amendment of the Federal Constitution, in so far as it affects an estate created prior to the passage of the act.

2. The act is valid as to estates which vest after its passage.

Objections under Rule 48 of the Supreme Court Equity Rules. C. P. Cambria Co., Dec. T., 1926, No. 3, Equity Docket.

Before Evans, P. J.; McCann, J., and Reed, P. J., Orphans' Court, specially presiding.

*Donald E. Dufton*, for plaintiff; *I. Morton Myers*, for defendant.

EVANS, P. J., Feb. 7, 1927.—The facts in this case are briefly as follows: Complainant and defendant were duly married and thereafter, to wit, Aug. 30, 1911, acquired title to certain real estate by virtue of a deed from Warren S. Crise and Ella, his wife, granting and conveying unto the said Gustave Kandler and Eva Kandler, husband and wife, a certain lot or piece

of ground, situate in the 8th Ward of the City of Johnstown, Cambria County, Pennsylvania, being lot number eighteen of Crestvue, as laid out by Krise and Ott, April 3, 1907, which said deed is recorded in the Recorder's Office of Cambria County, in Deed Book, volume 236, page 61. On May 12, 1926, the Court of Common Pleas of this county entered a decree in divorce, dissolving the marriage between the parties to this case. The complainant has since intermarried with George Clements. The title to said real estate was vested in the parties hereto by entireties. The bill filed by complainant in this case undertakes to have the real estate sold and the proceeds divided between the parties under the provisions of the Act of May 13, 1925, P. L. 649.

The defendant has filed objections to the bill under the provisions of Rule 48 of the Equity Rules of the Supreme Court, and particularly under Reason 7 of said Rules.

The particular objection to the right of complainant to proceed and secure relief is as follows: "The Act of May 13, 1925, P. L. 649, under which plaintiff seeks equitable relief, is unconstitutional, as being in contravention of the due process clause of the 14th Amendment of the Constitution of the United States."

The act in question provides in section 1 as follows: "That whenever any husband and wife, now or hereafter holding property as tenants by entireties, have been divorced, either of such tenants by entireties may bring suit in the Court of Common Pleas, sitting in equity, of the county where the property is situate, against the other, to have the property sold and the proceeds divided between them."

We are of the opinion that the position taken by counsel for defendant must be sustained. In the case of Alles v. Lyon, 216 Pa. 604, 608, Chief Justice Mitchell said: "In the present case, therefore, the parties took an estate by entireties at the time of the grant. By it the husband took a vested estate, to which was incident a right of survivorship. *That estate could not be divested or stripped of any of its incidents except by express statutory provision existing at the time of its inception.* The divorce severed the unity of person for the future, but it could not avail retrospectively to sever the vested unity of title and possession." It is true that the portion of this opinion which states that the estate of the husband could not be stripped of any of its incidents, except by express statutory provision existing at the time of its inception, was not necessary to a decision in that case; however, the authorities are in accord in sustaining such a statement of law. The general rule, as stated in 13 Ruling Case Law, 1100, is as follows: "Enactments abolishing survivorship would be unconstitutional if intended to operate on estates acquired by the spouses before they took effect." In Ervine's Appeal, 16 Pa. 256, 264, it is said: "There is no adjudicated case where the legislature ordered the sale of one man's land when he was *sui juris*, under no legal disability to act, for the benefit of another person, also *sui juris*, and where such legislative decree was sustained." Where an estate is vested in a party, the legislature has no power to authorize the sale of such property of any party *sui juris* against his or her will. See Kneass's Appeal, 31 Pa. 87; Burson's Appeal, 22 Pa. 164; 12 Corpus Juris, 959, 964.

This particular act of assembly now in question was passed upon by Judge Bailey, of Huntingdon County, in the case of Ebersole v. Goodman, 7 D. & C. 605, in which case Judge Bailey held the act unconstitutional in so far as it undertakes to affect estates vested at the time of the passage of the act.

We believe, however, that the act is entirely valid as to estates which vest after its passage, and that the words "now or," in the second line of the 1st section of the act, are inoperative, but otherwise the act is effective.

Clements v. Kandler.

It is stated in 36 Cyc., par. 3, page 976, that "it is elementary that the same statute may be in part constitutional and in part unconstitutional, and if the parts are wholly independent of each other, that which is constitutional may stand, while that which is unconstitutional will be rejected." There are certain limitations, however, to this rule as given in the paragraph referred to, but they have no application to a situation such as we have in this case. The foregoing principle is recognized and followed in the case of Davey v. Ruffell, 162 Pa. 443.

In view of the opinion hereinabove expressed, we enter the following decree:

And now, Feb. 7, 1927, after due consideration the objection of the defendant to the right of the complainant to proceed in this case is sustained and the bill is dismissed, at the cost of the complainant.

From Henry W. Storey, Jr., Johnstown, Pa.