# Specktor et al. v. North British & Mercantile Insurance Co., Appellant.

*Courts—Jurisdiction—Preliminary questions—Cause of action —Act of March 5, 1925, P. L. 23.*

1. The Act of March 5, 1925, P. L. 23, applies to decisions on questions of jurisdiction over the defendant, or of the cause of action for which the suit is brought, whether those decisions were rendered before or after the passage of the statute.

2. Whether or not a defendant is liable to be sued in this State is a jurisdictional question within the purview of the Act of March 5, 1925, P. L. 23.

*Appeals—Time allowed—Quashing appeal.*

3. An appeal will be quashed if taken after the time allowed by law.

Argued April 18, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 181, Jan. T., 1928, by defendant, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4074, on verdict for plaintiffs, in case of Max Specktor et al., trading as Specktor, Larner & Peck v. North British & Mercantile Insurance Co.  Appeal quashed.

Assumpsit on policy of fire insurance. Before MONAGHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $3,846. Motion for judgment n. o. v. overruled by MARTIN, P. J. Defendant appealed.

*Error assigned,* inter alia, was refusal of judgment for defendant n. o. v., quoting record.

*Horace Michener Schell,* for appellant.—Service was improper: Park Bros. & Co. v. Boiler Works, 204 Pa. 453; Stamper v. Kogelschatz, 289 Pa. 94; Miller Paper Co. v. C. & C. Co., 275 Pa. 40; Am. Trust Co. v. Kaufman, 279 Pa. 230; Bernhardt v. Bass, 91 Pa. Superior Ct. 123; Wilson v. Garland, 287 Pa. 291.

*Wm. A. Gray,* for appellee.—Appellant submitted to the jurisdiction of its person by voluntarily answering to the merits of the action: Jeannette Boro. v. Roehme, 9 Pa. Superior Ct. 33; Swecker v. Reynolds, 246 Pa. 197; Daley v. Iselin, 212 Pa. 279; McCullough v. Ry. Mail Assn., 225 Pa. 118.

Defendant has waived defects in the jurisdiction by failing to take an appeal as provided by Act March 5, 1925, P. L. 23, from the preliminary decree of the court below discharging appellant's petition to set aside the service of the writ: Clark v. Elkin, 283 Pa. 339; Lobb v. Cement Co., 285 Pa. 45; Kraus v. Tobacco Co., 284 Pa. 569.

Under this act a foreign corporation may be sued in any county of this State where the corporation transacts business on a transitory cause of action arising in another state: Knight v. Ry., 108 Pa. 250; Usher v. Ry., 126 Pa. 206; Boulden v. Ry., 205 Pa. 264; Centofanti v. Ry., 244 Pa. 255; Roberts v. Baking Co., 283 Pa. 573; Crawford v. S. S. Co., 8 W. N. C. 567; Bushel v. Ins. Co., 15 S. & R. 173.

OPINION BY MR. JUSTICE SIMPSON, May 7, 1928:

Defendant is a foreign fire insurance company. Alleging that, under the existing facts, it was not amenable to suit in this State, it entered an appearance de bene esse in the court below, and filed a petition asking that the service of the summons be stricken off. A rule to

show cause was granted, which was later discharged, the court below saying: "Our conclusion is that the suit was properly brought in Philadelphia County, that the service was duly authorized to be made, and was properly made by the sheriff of Philadelphia County, and that the attack upon the service for want of *jurisdiction* in the court to issue its process should be made by affidavit of defense under the Practice Act of 1915, and not by petition and rule."

Defendant then filed an affidavit of defense, and later a supplemental affidavit, alleging a defense to the merits of plaintiff's claim, but stating also that, by reason of the facts specified in the petition to strike off the service of the writ, "your Honorable Court has no *jurisdiction* in the premises, and objection to the *jurisdiction* of your Honorable Court will be made by the defendant at the time of the trial."

At the trial, plaintiffs proved a prima facie case, but defendant offered no evidence except so much of the record as related to the proceedings to strike off the service of the summons. The trial judge refused its point for binding instructions, and a verdict was rendered for plaintiffs. Defendant then moved for judgment non obstante veredicto, and after its motion was dismissed prosecuted the present appeal, assigning as errors the refusal of its point for binding instructions, the dismissal of its motion for judgment non obstante veredicto, and the entry of judgment on the verdict. The only point we are asked to decide is whether or not defendant was duly served with the summons. We are of opinion that the appeal was taken too late to have that question reviewed by us.

The Act of March 5, 1925, P. L. 23, specifies in section 1, that "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with deposi-

tions, as the cases may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments." Section 2 requires that the question be raised in the court of first instance by petition and rule to show cause; and section 3 prescribes that "The appeal here provided for must be taken and perfected within fifteen days from the date when the decision is rendered......Provided, That as to decisions made prior to the approval of this act, the fifteen days limitation shall not begin to run until after the date of its approval. A failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally."

If the language of the above proviso is given its normal meaning, it is conclusive of this appeal, for defendant preliminarily raised the question involved by a petition and rule to show cause, the rule was discharged on June 13, 1924, and the appeal was not taken until February 17, 1928, far more than fifteen days after the approval of the Act of March 5, 1925, supra. As against this necessary conclusion from the language used, defendant interposes only two objections, which are stated as if they were three.

The first is that "The propriety of the manner of service under the Service Act of 1921, is not a jurisdictional question." This, however, is a mistake, where, as here, it relates to liability to suit in this State, and this defendant recognized in its affidavit of defense, already quoted, where it avers "your Honorable Court has no jurisdiction in the premises." Park Bros. & Co. v. Oil City Boiler Works, 204 Pa. 453, relied on by defendant to sustain its present contention, squarely decides the other way. We there held that as the service of the writ in question would, if sustained, give to the courts "jurisdiction over the defendant," it would have to be set aside since the statute then under review did not "change the jurisdiction of the courts and the liability of corporations to be sued."

The second and third objections are to the applicability of the statute because, as stated in the second, it "requires jurisdictional questions to be raised by petition and disposed of before entering a defense on the merits," and, as alleged in the third, "because the question of jurisdiction can only be raised and tested in strict conformity with the provisions of the Act of March 5, 1925," which could not be done here, since it had been disposed of prior to the passage of the act. These contentions find no support in the language of the statute, which in terms applies to all "decisions made prior to the approval of this act." For us to limit that language, or to add anything to it, would be judicial legislation wholly beyond our province.

The cases cited by defendant to sustain its assertions do not give the slightest sanction to them. In Wilson v. Garland, 287 Pa. 291, a receiver was appointed in 1920, who from then on was "in full charge of the business and property" of the corporate defendant. In 1925 a codefendant sought to have the appointment vacated, and, this being refused, appealed therefrom, claiming that the Act of 1925 gave us jurisdiction to review that interlocutory decision. We held that the statute "must be confined to such [questions of jurisdiction] as are provided for by the act, i. e., those entered in preliminary proceedings," which that one was not. In Stamper v. Kogelschatz, 289 Pa. 94, defendant appealed from a refusal of the court below to sustain his affidavit of defense raising questions of law, and claimed that the Act of 1925 justified us in reversing. Since he had not raised the question by petition and rule to show cause, as required by the act, we held the statute could not properly be invoked by him. In Bernhardt v. Bass, 91 Pa. Superior Ct. 123, a suit which had been commenced in the municipal court was transferred to the court of common pleas, and, in the latter court, defendant sought to have the case dismissed for want of jurisdiction. Failing in this, he appealed to the Superior Court, and

referred to the Act of 1925 to sustain his right to then appeal. It was held that the statute applies only as specified in it, to cases where the objection to the jurisdiction was raised "in the court of first instance," and hence did not avail defendant.

Having thus answered adversely all the points regarding the alleged inapplicability of the statute, and this being the only question now raised, we are in duty bound to give effect to the provision that "A failure to appeal within the time specified [that is, within fifteen days after the approval of the act], shall be deemed a waiver of all objections to jurisdiction over the defendant personally," and to hold that, since the present appeal was taken after expiration of the period allowed, we cannot now review "the decision sustaining the jurisdiction over the defendant."

The appeal is quashed.