Specktor et al. *v.* Hanover Fire Ins. Co.,
Appellant.

Argued January 8, 1929. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

*Horace Michener Schell,* for appellant.—The Act of March 5, 1925, P. L. 23, is unconstitutional: Lehigh Co. v. Hoffort, 116 Pa. 119.

The Act of 1925, violates the 14th Amendment of the federal Constitution which guarantees due process of law: Hess v. Pawloski, 274 U. S. 352.

*William A. Gray,* with him *Robert Levin,* for appellees.

OPINION BY MR. JUSTICE SIMPSON, January 28, 1929:

Plaintiffs are residents of New Jersey, the policy of fire insurance in suit was made there, and the property destroyed by fire was located there. Defendant is a corporation of the State of New York, but, in order to carry on business in this Commonwealth, which it afterwards did and still does, has registered here and thereby agrees that service of process against it may be made on the insurance commissioner of the State. In this case the writ was served on him, defendant was notified thereof and formally appeared de bene esse, for the purpose of challenging the jurisdiction of the court below. This it did by a petition to set aside the service, which petition was dismissed on June 13, 1924. It did not rest on the alleged want of jurisdiction, however, but filed an

affidavit of defense to the merits, and, at the trial of the issues thus raised, cross-examined plaintiffs' witness, offered evidence in defense, and again asked the court to dismiss the case for want of jurisdiction. Plaintiffs recovered a verdict and judgment, and defendant brought the present appeal on November 16, 1928, limiting its complaint to the alleged error in the decision of the jurisdictional question.

With us, the later actions of defendant, above stated, operate as a waiver of the right to object further to the jurisdiction of the court below over the person of defendant (Daley v. Iselin, 212 Pa. 279), and, this being so, proceeding to trial and judgment was not a violation of the due process clause of the 14th Amendment to the Constitution of the United States: Western Life Indemnity Co. of Illinois v. Rupp, 235 U. S. 261. Nevertheless, since there seem to be a multitude of insurance cases growing out of the fire which resulted in this suit, all raising the same issues, we will specifically consider the other points made by defendant.

In Specktor v. North British & Mercantile Ins. Co., 293 Pa. 232, where the facts were exactly the same as here, we held that the appeal would have to be quashed because not taken within the time specified in the Act of March 5, 1925, P. L. 23, which requires it to be taken within fifteen days after the ruling complained of, if made subsequent to the passage of the statute, or within fifteen days after its passage if made before that time, the act further stating that "a failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally." We adhere to that ruling; and so doing requires us to hold that defendant, by not appealing until more than four years after the question of jurisdiction was decided against it and more than three and a half years after the passage of the act, thereby waived the right to further object on that ground.

Its next contention is that the Act of 1925, if applied to the situation here, would violate article III, section 3, of the Constitution of the Commonwealth, because this purpose was not clearly expressed in its title, which is "An act in relation to the procedure in certain classes of cases in which there is raised a question as to the jurisdiction of a court of first instance over the defendant or the cause of action for which the suit is brought; and authorizing appeals from the preliminary decision of such questions." The Constitution does not require the title of a statute to be an index of its contents, but "presupposes a reasonably inquiring state of mind...... [which will] follow the trail indicated by the main part of the titles, into the body of the acts": Reeves v. Phila. Surburban Water Co., 287 Pa. 376, 387; Com. ex rel. v. Macelwee et al., 294 Pa. 569. It was admitted at bar, that if the title to the Act of 1925 had simply been "An act in relation to procedure," the objections now made would be unavailing. They cannot be less so where, as here, the title states that the act relates to "procedure in certain classes of cases," this case being in that class. The further objection that the title does not say that an appeal is required but only that it is authorized, overlooks the fact that we are not construing the statute, but only determining whether or not there was sufficient to put upon inquiry one having "a reasonably inquiring state of mind." Nor was it necessary that the title should expressly declare that the act would apply to past as well as to future decisions of the jurisdictional question, since it is broad enough to cover all such decisions in the specified classes.

Finally, defendant contends that to construe the Act of 1925 to apply to cases like the present would deprive it of the due process of law guaranteed by the 14th Amendment to the Constitution of the United States. This point was squarely decided against defendant in Penna. Fire Ins. Co. v. Gold Issue Mining and Milling Co., 243 U. S. 93; and also, but without an opinion, in

Specktor v. North British & Mercantile Ins. Co., supra, under exactly the same facts as here, when the Supreme Court of the United States dismissed defendant's application for a certiorari based upon that alleged deprivation.

The appeal in this case is quashed.