## Specktor et al. v. Norwich Union Fire Insurance Society, Ltd.

W. A. Gray, for plaintiffs;  H. M. Schell, for defendant.

MARTIN, P. J., June 19, 1929.—The petition in support of the rule avers that this court is without jurisdiction in this proceeding because the service upon defendant was not lawfully made. The same question was raised and the same attack made upon the jurisdiction of the court in January, 1923, and this court filed an opinion on June 13, 1924, holding the service sufficient and that the court had jurisdiction of the defendant, and discharged the rule. Subsequently, the defendant filed an affidavit of defense to the merits.

In Specktor v. North British and Mercantile Ins. Co., 293 Pa. 232, and Specktor et al. v. Hanover Fire Ins. Co., 295 Pa. 390, this court held that under the Act of March 5, 1925, P. L. 23, rulings upon questions of jurisdiction became conclusive after fifteen days, and the Supreme Court sustained this conclusion. The defendants now hang upon the slender thread that the Supreme Court having said in Specktor et al. v. Hanover Fire Ins. Co., supra, that pleading to the merits and going to trial operates as a waiver of a right to further object to the jurisdiction of the court, they can now attack the jurisdiction in this case prior to going to trial, even though they have filed an affidavit to the merits. In taking this position they overlook the language of the learned Justice of the Supreme Court in the last-mentioned case, where he states: "In Specktor v. North British and Mercantile Ins. Co., 293 Pa. 232, where the facts were exactly the same as here, we held 'that the appeal would have to be quashed because not taken within the time specified by the Act of March 5, 1925, P. L. 23, which requires it to be taken within fifteen days after the ruling complained of, if made subsequent to the passage of the statute, or within fifteen days after its passage, if made before that time,' the act further stating 'that a failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally.' We adhere to that ruling; and so doing requires us to hold that the defendant, by not appealing until more than four years after the question of jurisdiction was decided against him, and more than three and a-half

years after the passage of the act, thereby waived the right to further object on that ground."

The question of the jurisdiction of the court in this case was flatly raised and decided by the rule granted in 1923, and its discharge in the opinion of 1924; and to permit the same question to be now raised would be in open defiance of the Act of March 5, 1925. The rule must be discharged.

And now, to wit, June 19, 1929, the rule of the defendant to show cause is discharged. The motion of plaintiffs to strike off said rule is allowed.