## Scaife *v.* McKee et al., Appellants.

34

Argued October 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Wm. B. McFall,* for Mary C. McKee, Isabella C. Chalfant and Eleanor McC. Chalfant, appellants.—A husband in Pennsylvania, as tenant by curtesy, possesses an estate which cannot be divested by act of legislature passed subsequent to its vesting without violating the Constitutions of Pennsylvania and the United States: Commissioners v. Poor Dist., 169 Pa. 116; Peck v. Ward, 18 Pa. 506; Harris v. Ins. Co., 50 Pa. 341; Melizet's App., 17 Pa. 449; Miltimore·v. Miltimore, 40 Pa. 151; Moninger v. Ritner, 104 Pa. 298.

*Mark R. Craig,* for James Verner Scaife, appellant.— In Pennsylvania, curtesy initiate is a vested estate, that is, it is property and can not be taken from the husband by the act of the legislature: Bank v. Stauffer, 10 Pa. 398; Burson's App., 22 Pa. 164.

All of the acts came before the Supreme Court and it was held in every case that curtesy was not abolished but still remained a vested freehold estate in the husband during the life of the wife: Rouse v. Poor Dist., 169 Pa. 116; Ayetsky v. Goery, 2 Brewster 302; Moninger v. Ritner, 104 Pa. 298; Clarke's App., 79 Pa. 376; Teacle's Est., 132 Pa. 533.

*Arthur B. Van Buskirk* and *Edwin W. Smith,* of *Reed, Smith, Shaw & McClay,* for appellee.—The legislative

power over marriage and divorce is plenary; and the Act of 1927, when construed in accordance with its manifest intent, does not violate the state or federal Constitutions in the particulars to which appellants refer: Maynard v. Hill, 125 U. S. 199; Cronise v. Cronise, 54 Pa. 255; Murphy v. Murphy, 8 Phila. 357.

The Act of 1927 does not violate article I, section 17, of the Constitution of Pennsylvania: Swartz v. Boro., 237 Pa. 473; Hunt v. Hunt, 97 U. S. 1109.

The Act of 1927 does not violate the Fourteenth Amendment of the Constitution of the United States: Rouse v. Poor Dist., 169 Pa. 116; Pemberton v. Hicks, 1 Binney 1; Sharpless v. Boro., 1 Grant 257; Moninger v. Ritner, 104 Pa. 298.

OPINION BY MR. JUSTICE SIMPSON, November 25, 1929:

Appellee was married to one of appellants on November 13, 1896, and on January 14, 1926, was divorced from him a mensa et thoro, because of his adultery. Subsequently, she agreed to convey to the other appellants a good and marketable title to three properties which she owned, and, later still, in accordance with this agreement, tendered to them a deed in fee simple, executed by herself only. The grantees refused to accept the deed and pay the purchase money, solely because appellee's husband had not joined in the conveyance. Appellee thereupon began the present proceedings, making the husband as well as the purchasers parties to it. The court below adjudged that her deed would convey a good and marketable title, whereupon the husband took one of the present appeals and the purchasers the other. The only question we are asked to decide is whether or not the deed which was tendered would have conveyed a good and marketable title.

Appellee bases her contention on the Act of April 11, 1927, P. L. 181, which provides "That whenever a decree of divorce from bed and board may have been heretofore, or shall be hereafter, granted to any married wom-

an by any court of competent jurisdiction, it shall and may be lawful for such married woman to encumber, by mortgage or otherwise, or to grant, convey, or otherwise dispose of, real estate in this Commonwealth, or any interest therein, however and whenever acquired, whether before or after the entry of such decree, with as full and complete power in all respects as if she were a feme sole, and without her husband joining in, consenting to, or acknowledging any deed, mortgage, or other instrument, executed pursuant to the power aforesaid: Provided, That such power shall endure so long as such decree of divorce shall remain in force and shall terminate only upon the full and complete discharge and annulment of such decree." This statute, like the Act of May 4, 1855, P. L. 430, "was designed to suspend the marital rights of the husband as a consequence of the acts enumerated. . . . . . . We think the law is to be carried out in reference to her property as it is in other cases of a feme sole. It is a remedial statute and to be benignly interpreted": Black v. Tricker, 59 Pa. 13, 17, 18.

Appellants concede that the decree below was right if the Act of 1927 is applicable and valid, but deny that it is either of these. They first contend that the purpose of the act was to enable a married woman, who had obtained a divorce from the bed and board of her husband, to make a deed without his joinder therein, conveying her title to the real estate belonging to her, but that it would not pass his supposed interest as tenant by the curtesy. We do not so read the statute. It gives to the wife the right to convey "with as full and complete power in all respects as if she were a feme sole." Admittedly, a deed by a feme sole would pass a good and marketable title. A conveyance under the authority of the Act of 1927, must, therefore, have the same effect. The words above quoted are wholly unlike those in section 5 of the Married Persons Property Act of June 3, 1887, P. L. 332, 333, construed by us in Teacle's Est.,

132 Pa. 533. The language there was that "A married woman may dispose of her property, real and personal, by last will......in the same manner as if she were unmarried." We held that the statute related only to the "manner" of disposition by will, was intended to remove the inequality which, as between husband and wife, had theretofore existed in the manner of making their respective wills, and disclosed no purpose of enabling a married woman to destroy his interest in her estate, if he survived her.

It is next urged that to give to the Act of 1927 the effect claimed for it, would be to impair the obligation of the marriage contract, in violation of article I, section 17, of the Constitution of the State, and article I, section 10, of the Constitution of the United States; but these constitutional provisions have no relation to the contract of marriage, and do not affect the right to legislate upon the subject of marriage and divorce, even after the marriage was contracted: (Maynard v. Hill, 125 U. S. 190; Cronise v. Cronise, 54 Pa. 255) and this includes the legislative right to determine the "effects upon the property rights of both [spouses], present and prospective": Maynard v. Hill, supra, page 205.

The only other question raised is: Does the Act of 1927, if so construed as to destroy the husband's supposed estate by the curtesy, violate the 14th Amendment to the Constitution of the United States, which says: "Nor shall any state deprive any person of life, liberty, or property, without due process of law." Appellants plant their contention on this point upon isolated statements in Lancaster County Bank v. Stauffer, 10 Pa. 398; Peck v. Ward, 18 Pa. 506; Burson's App., 22 Pa. 164; Ayetsky v. Goery, 2 Brewster 302; and Commissioners v. Directors of the Poor of McKean County Poor Dist., 169 Pa. 116, without reference to the facts of those cases and what was actually decided in them; but "General expressions, in every opinion, are to be taken in connection with the case in which those expressions are

used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision": Cohens v. Virginia, 6 Wheaton 264, 399, per MARSHALL, C. J.; Frick's Est., 277 Pa. 242; Hill v. Houpt, 292 Pa. 339.

Ayetsky v. Goery, supra, is the only one of the cases relied on by appellants, which could have any bearing on the question involved here, but of it, so far as concerns the question under consideration, we said in Moninger v. Ritner, 104 Pa. 298, 302, "As the facts of that case are not given, it is impossible to say whether it has any applicability to the case before us or not." If it be true, as appellants now claim, that it decides the Feme Sole Trader Act of May 4, 1855, P. L. 430, is unconstitutional in so far as it attempts to exclude a husband from any interest in his wife's estate, even where he has violated his marriage vows by failing to support her, then it is squarely and wisely overruled by Moninger v. Ritner, supra, and Browarsky's Est., 252 Pa. 35.

In the other cases relied on by appellants, the court, after deciding that there the husband's estate by the curtesy was not affected by the then existing acts of assembly increasing the rights of married women, added that marriage was a contract, and the legislature could not, by subsequent statutes, affect the rights which a husband acquired by virtue of that contract. We have already shown that marriage is not such a contract as is contemplated by the constitutional provisions, and that the property rights of its citizens, arising solely by reason of the marriage, are within legislative control. In none of these other cases was the husband, as he is here, asserting rights under the contract of marriage, after he had himself violated that contract. In Moninger v. Ritner, supra, this was attempted and we said (104 Pa. 301) : "In other words, [it is contended] such was the inherent power of the marriage contract, that, without regard to the performance of that contract on his part,

the peculiar rights acquired at its inception could not be abridged, altered or modified by any power short of his own will. But the statement of that proposition is its own refutation." And so it is. To hold otherwise would be to say that though one of the parties to such a contract should flout it, and refuse to be bound by it, yet a court must enforce it against the innocent party on the application of the one who was recalcitrant. Such a conclusion "would tend to demoralize the whole country": Martin v. Schoenberger, 8 W. & S. 367, 368; Hartman v. Meighan, 171 Pa. 46, 49; Wright v. Barber, 270 Pa. 186, 191. We are unable to understand why appellants, though expressly admitting the feme sole trader statutes to be valid, should halt over the Act of 1927. Surely they cannot think that desertion is a more heinous offense, and more directly violates the marriage contract, than does adultery, yet this is a necessary conclusion from their argument following that concession. In any event we do not so hold, but on the contrary decide that he who breaches his marriage contract, must pay the prescribed legislative penalty.

On the grounds above set forth we would unhesitatingly dismiss the appeals; but there is still another and distinct reason compelling the same conclusion, viz., the appellant husband never had any curtesy in the properties the subject of this controversy. By section 1 of the Intestate Act of June 7, 1917, P. L. 429, 431, a surviving husband is given a specified interest in the estate of his wife, which section 4 (P. L. 434) says is to be "in lieu and full satisfaction of his curtesy at common law." By these provisions his former curtesy interest is destroyed and a statutory interest substituted in lieu thereof. But, say appellants, these provisions do not apply in the instant case, because two of the properties, the subject of this proceeding, were purchased by appellee on December 25, 1917, before the statute went into effect, and hence to apply the statute thereto would make it unconstitutional as an attempt to divest vested rights. We

have already overruled the latter part of this contention, and now point out that the first part is incorrect also, because it considers but a portion of section 27 (P. L. 442) relied on to sustain it. The section says: "This act shall take effect on the 31st day of December, 1917, and shall apply to the estates, real and personal, of all persons dying intestate on and after said day. As to the estates, real and personal, of all persons dying before that day, the existing laws shall remain in full force and effect." In the instant case, the wife did not die before December 31, 1917; on the contrary she is still living. Hence, as a statute takes effect on the date of its approval, unless it expressly provides otherwise, which this one does not, it must be held to apply to this real estate, which, having been purchased after the approval of the act, never was subject to the husband's curtesy; instead of this, the husband's right therein was limited to a statutory interest in case he survived his wife, and that unvested interest, being given by statute, may always be altered or taken away by the same power (Piccirilli Bros. v. Lewis, 282 Pa. 328) for any violation by him of his duty towards the wife, from and through whom the statutory interest was to arise in the future.

The appellant husband further contends that to construe the Intestate Act of 1917 to affect his curtesy estate would make it unconstitutional under article III, section 3, of the state Constitution, because, in that event, it would contain more than one subject which is not clearly expressed in the title. The argument seems to be that because the word "curtesy" does not appear in the title, the statute cannot constitutionally be held to affect that estate. The title refers to the "descent" of property, however, and curtesy was an estate by descent (Cooke v. Doron, 215 Pa. 393, 397); this is sufficient, for "the Constitution does not require the title of a statute to be an index of its contents, but 'presupposes a reasonably inquiring state of mind......[which will] follow the trail indicated by the main part of the titles

into the body of the acts': Reeves v. Phila. Suburban Water Co., 287 Pa. 376, 387; Com. ex rel. v. Macelwee, 294 Pa. 569"; Specktor v. Hanover Fire Ins. Co., 295 Pa. 390, 393.

The Intestate Act of 1917, being valid and applicable to the situation existing here, the Act of 1927 steps in and gives appellee, following her divorce because of her husband's misconduct, the right to convey the properties named in this suit, "with as full and complete power in all respects as if she were a feme sole," and hence the deed she tendered to the purchasers would have conveyed a good and marketable title to those properties, and the judgment appealed from must be affirmed.

The judgment of the court below is affirmed.