Industrial Acceptance Corporation et al. *v.* Sickler et al., Appellant.

Argued October 28, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gaw-
throp, Cunningham and Baldrige, JJ.

*S. M. R. O'Hara,* for appellant.—The return of
service is not full and complete: Park v. Oil City
Boiler Works, 204 Pa. 453; Fox v. Meyer, 1 Woodw. 50;
Vastine v. Fury, 2 S. & R. 426.

The court has the power to make an order for amend-
ment: Benwood Iron Works v. Hutchinson and Bros.,
101 Pa. 359; Second National Bank v. Gardner, 171
Pa. 267; Holly v. Travis, 267 Pa. 136; Miller Paper Co.
v. Keystone Coal and Coke Co., 267 Pa. 180.

*H. C. Jenkins*, of *Jenkins, Turner and Jenkins*, and with him *James Fields, E. B. Farr* and *Joseph F. Ogden*, for appellees, cited: Erdner v. Erdner, 234 Pa. 500; Pfoutz v. Comford, 36 Pa. 420.

OPINION BY GAWTHROP, J., November 22, 1929:

These two appeals were argued together and, as they present for review the same, and only the same, questions, they will be disposed of in one opinion.

The suits were in assumpsit and a statement of claim was filed with each praecipe. The sheriff made a return of the writ in each case, under oath, setting out that he served it "on Raymond Sickler at his dwelling house in Exeter Township, Wyoming County, Pennsylvania, by handing a true and attested copy thereof to Martha Sickler, an adult member of the family of Raymond Sickler, personally, and at the same time and in the same manner he served upon Raymond Sickler a certified copy of the statement of claim in this suit." Promptly after the return in each case the receiver of defendant, appointed in a proceeding in equity brought under the Act of May 23, 1907, P. L. 227, by Martha Sickler against her husband, defendant, charging him with separating himself from her and their children without reasonable cause, filed in the court below in each case a petition alleging, inter alia, that defendant left Exeter Township aforesaid on the ...... day of April, 1927, and since then his residence or whereabouts was unknown to his wife, his family and the petitioner, and that the residence occupied by the wife, Martha Sickler, where service of the summons and statement of claim was attempted by the sheriff was not the residence of defendant; and that the court below was without jurisdiction of the person of defendant. The prayer was for a rule on plaintiff to show cause why the return of service of the summons and statement of claim should not be

set aside, and for a stay of process pending disposition of the rule. Plaintiffs traversed the allegation in the petitions that defendant's residence was not in Exeter Township, Wyoming County, and averred that it was there when service was made. Subsequently a supplemental petition was filed in each case, averring that on the day of the attempted service of the writ in each case defendant was not, and did not dwell, within the jurisdiction of the court below, and that the place where service was made was not his dwelling house. There was a prayer for a rule upon the sheriff and the plaintiff to show cause why the return of service of the writ should not be amended to conform to the facts, and why the service should not be set aside. The sheriff answered that he had in all respects followed the command of the writ and served the same in accordance with the provisions of the act of assembly in such case made and provided, and made his return accordingly. After the taking of depositions the court discharged the rules in both cases and gave leave to the receiver to file an affidavit of defense within thirty days.

There was a motion to quash each appeal and we are bound to sustain them. The appeals were not taken within the period of fifteen days from the date when the decision was rendered, as required by the Act of May 5, 1925, P. L. 23, governing the procedure in cases in which the question of jurisdiction over the defendant, or of the cause of action, is raised in the court of first instance; requiring that whenever such question is there raised it shall be preliminarily determined by the court upon the pleadings, or with depositions; and providing that the decision may be appealed as in cases of final judgments, and that a failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over the defendant personally. The question of juris-

diction over the defendant was squarely raised in each petition, the averment being that "your honorable court is without jurisdiction of the person of said Raymond Sickler." That question may be raised by a petition asking that the service of the summons may be stricken off: Specktor v. North British & Mercantile Insurance Company, 293 Pa. 232. Prior to the passage of the Act of 1925, it was held that the refusal of a court to vacate proceedings for want of jurisdiction was but an interlocutory order and not appealable: Wettengel v. Robinson, 288 Pa. 362, 367; Tobin v. Tobin, 32 Pa. Superior Ct. 186. An appeal from the refusal of the court to set aside a service of a writ of summons was held interlocutory and premature in Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354. In Tobin v. Tobin, supra, this court held that an order discharging the rule to show cause why service of a subpoena in divorce should not be set aside is interlocutory and not the subject of an independent appeal. These appeals being from an interlocutory order they would have been quashed on that ground prior to the passage of the Act of 1925. Although the orders appealed from are such as may be appealed from under that act they were not taken within the time allowed by it. The orders discharging the rules were made May 9, 1929, and it was not until May 29, 1929, that security was entered, and the certiorari from this court was not lodged with the prothonotary of the court below until June 3, 1929. The provisions of the Act of 1925 are mandatory: Polakoff v. Marchand College of Chiropractic, 287 Pa. 28.

We have considered the appeals on their merits, however, and are of one mind that they are without merit, because the return of the sheriff is full and complete on its face. It is well settled that in the absence of fraud, which was not alleged, such a return is conclusive upon the parties and cannot be set aside on

extrinsic evidence. See Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180, and the cases therein cited. The sheriff's return is a part of a court record, and a party injured by a false return has his remedy against the sheriff: Miller Paper Co. v. Keystone C. & C. Co., supra.

Both appeals, Nos. 219 and 220, October Term, 1929, are quashed.