## Snyder et al. v. McCanless

*William G. Gordon* and *Truman D. Wade*, for plaintiffs.

*Philip Reilly* and *John N. Diggins*, for defendant.

WINDLE, P. J., July 8, 1935.—Plaintiffs brought this action against the defendant, relying upon the provisions of the Act of April 24, 1931, P. L. 50, alleging the defendant was the owner of a certain automobile truck operated within this Commonwealth under the provisions extended by the laws thereof and that therefore he

had constituted the Secretary of Revenue of the Commonwealth of Pennsylvania his agent for the service of process in any civil suit instituted in the courts of this Commonwealth against him arising out of or by reason of any accident or collision occurring within the Commonwealth in which said motor vehicle was involved, as provided in the first section of said act. Service of the writ and plaintiff's statement was made in the manner prescribed in section 2 of said act, the Sheriff of Chester County deputizing the Sheriff of Dauphin County to make such service. The latter made return that he "on the twelfth day of April 1933 at 9.35 A. M. did serve the within Summons in Trespass together with copy of Plaintiff's Statement on W. F. McCanless by leaving a true and attested copy thereof in the office of the Secretary of Revenue of the Commonwealth of Pennsylvania, with Leon D. Metzger, Secretary of Revenue of the Commonwealth of Pennsylvania, the lawful attorney duly constituted by the said W. F. McCanless upon whom all lawful process in any action rule or legal proceedings against it may be served and paying to him on behalf of the Plaintiffs at the time of service hereof, the sum of Two Dollars ($2.00) as required by law, and I do further return that in accordance with the provisions of Act No. 42 approved April 24, 1931, did send to defendant by registered mail, postage prepaid, a like true and attested copy with an indorsement thereon of the service upon said Secretary of Revenue, addressed to Salisbury, Rowan County, North Carolina, the last known address." Attached thereto was a registry return receipt card for the registered letter containing the copy of the summons and plaintiffs' statement referred to in said return, duly signed by defendant. Defendant thereupon, invoking the provisions of the Act of March 5, 1925, P. L. 23, presented his petition to this court averring that the automobile truck involved in the accident referred to in the statement of claim was owned by an independent contractor and that defendant was not the owner or opera-

tor thereof and was therefore not within the class of owners or operators contemplated by the Act of 1931, above referred to; that he did not make and constitute the Secretary of Revenue of the Commonwealth of Pennsylvania his agent for the service of process in any civil suit instituted in the courts of this Commonwealth arising out of or by reason of any accident or collision occurring within the Commonwealth, in which said truck was involved; and praying for a rule on plaintiffs, which the court granted, to show cause why the return of the sheriff filed and the service of the writ of summons should not be set aside and the summons against him quashed. To said petition and rule plaintiffs filed an answer averring, as they had averred in their statement, that defendant was in fact the owner of the truck in question and consequently was within the class covered by the Act of 1931, and denying, therefore, that the sheriff's return and service of summons should be set aside and the summons quashed. Thereafter, on petition of defendant, a rule was granted to show cause why depositions should not be taken and a commission issued for that purpose in order that testimony might be taken outside of this Commonwealth relevant to the issue raised by the aforementioned petition and answer. To that petition and rule, which is the one now before us, plaintiffs filed an answer denying that the issue raised by the petition and answer above referred to is as to whether or not the defendant had brought himself under the provisions of the Act of 1931, and averring that the question thereby raised is as to the validity of the return of service by the sheriff, which, being complete upon its face, cannot be attacked by extrinsic evidence, no fraud having been alleged, and contending that therefore the depositions sought to be taken by defendant would not in any event be admissible as evidence on the issue raised as above. The answer also averred that the petition and answer raise the question of liability of petitioner to plaintiffs in this action, the determination of which must

await the trial of the case. After argument the matter is now before us for disposition.

We cannot agree with plaintiffs' position. The question raised by defendant is as to the jurisdiction of this court over his person. He has properly raised it by proceeding in accordance with the provisions of sections one and two of the Act of 1925: Industrial Acceptance Corp. et al. v. Sickler et al., 97 Pa. Superior Ct. 152; Specktor et al. v. North British & Mercantile Ins. Co., 293 Pa. 232. The question is not as to the propriety merely of the sheriff's service and his return thereof, the objection of defendant going beyond that and striking at a fundamental question, to wit, the ability of the sheriff by any service and return no matter how perfect in form, to bring this defendant within the jurisdiction of this court. The question so raised we believe is a fundamental one and can be inquired into even though the sheriff's return here states that the Secretary of Revenue was by defendant duly constituted the latter's agent for the service of process in a suit of this character, therefore, by inference indicating that defendant was in fact the owner or operator of the truck concerned. The jurisdiction over the defendant in this case depends not upon the perfection or propriety of the sheriff's return or his service of the summons but upon the fact of ownership or nonownership of the motor vehicle. We believe defendant should be permitted to introduce evidence in regard thereto and that if he can establish his nonownership the service of the summons apparently made upon him should be set aside. That service made in conformity with the provisions of section 2 of the Act of 1931, is good only if this defendant falls within section 1 of said act. If he is not within said class then nothing done in conformity with section 2 of the act can bring him within our jurisdiction.

Plaintiffs contend that defendant is estopped to allege nonownership of the car because in so doing he would be contradicting the sheriff's return of service, full and

complete on its face, no allegation of fraud in connection therewith being made. That we do not believe to be sound. Assuming that the return of the service by the sheriff here is full and complete on its face—and it will be noted that it does not appear therein whether the Secretary of Revenue was constituted his agent by reason of the fact that he was the owner or the operator of a motor vehicle on the highways of this Commonwealth or by reason of any other matter—defendant has not here attacked it. True, the attack which he makes upon the jurisdiction of this court is based upon allegations inconsistent with that return, but that is merely incidental to his chief contention. This is not the case where the defendant is undoubtedly suable and subject to our jurisdiction when properly served and he has attacked said jurisdiction on the ground of impropriety of service of process upon him and the sheriff's return in regard thereto. Were that so and this return be considered full and complete on its face so that it could not be questioned, jurisdiction over this defendant would be had. Here, however, this defendant, if not the owner of the truck as alleged, is not suable in our courts at all, and cannot be brought within our jurisdiction by any service of summons or sheriff's return thereof, no matter how complete on its face it may be. Consequently the authorities cited by plaintiffs to the effect that the return of the sheriff as to the service of summons is conclusive and cannot be questioned where it is complete, in the absence of fraud, have no application. In all of those cases the defendants were potentially within the jurisdiction of the courts in question and a good service of summons brought them actually within the jurisdiction. Those situations are different from the present one here. Defendant was not, according to his contention, ever even potentially within our jurisdiction and therefore, as above indicated, the most meticulous service of summons can be of no effect. Plaintiffs' endeavor here is to extend the jurisdiction of this court to one allegedly not within

it by relying solely upon the sheriff's return of service. This cannot be done, as the statutory provisions in regard to methods of service cannot be invoked to make substantial changes in the jurisdiction of courts and the liability of persons to be sued: Park Bros. & Co., Ltd., v. Oil City Boiler Works, 204 Pa. 453.

In addition we believe the statement in the sheriff's return of service describing the Secretary of Revenue of the Commonwealth of Pennsylvania as the "lawful attorney duly constituted by the said W. F. McCanless upon whom all lawful process of any action rule or legal proceeding against it may be served" is surplusage and therefore not within the above mentioned rule that a sheriff's return may not be contradicted. Unlike the Act of July 9, 1901, P. L. 614, in regard to service of process which provides, inter alia, that service may be made by handing a true and attested copy of the writ concerned to defendant's agent, the Act of 1931 provides merely that the process in question shall be served by the proper officer upon the Secretary of Revenue of the Commonwealth of Pennsylvania, not describing him as the agent of the defendant or providing in what capacity he is so served. Consequently the sheriff of Dauphin County in this case has done all that was required of him by the act when he left at the office of the secretary a true and attested copy of the writ and plaintiffs' statement and sent copies thereof to the defendant by registered mail. He was not required to serve the secretary in his capacity as the duly constituted attorney of the defendant or in any other capacity. Whether he was such attorney depends upon entirely extraneous facts. The phrase in the sheriff's return describing him as such does not constitute him defendant's attorney upon whom process could be served and is of no effect in that connection. There is no burden on that officer so to describe the secretary and his description therefore in the return is not necessary or requisite to the validity of said return.

Consequently it may be denied by defendant if it is false, having not the sanctity of averments in a sheriff's return which are requisite and necessary for the validity thereof and which may not, under our cases and authorities, be denied by extrinsic evidence. On that ground as well do we believe plaintiff's position cannot be sustained.

We agree with plaintiffs that the Act of March 5, 1925, P. L. 23, is not intended to furnish a short cut to a determination of the issues of fact raised by the pleadings in this or any case. We do not, however, consider that that is here sought to be done. This defendant is endeavoring to raise preliminarily the question of jurisdiction of this court over his person which is exactly what the Act of March 5, 1925, provides for. If defendant was not the owner of the motor vehicle in question at the time of the accident no court in this Commonwealth has jurisdiction over his person. If he was such owner, then, by virtue of the provisions of the Act of 1931, jurisdiction over his person may be obtained by a court in this State by proper proceedings. Whether, after such jurisdiction has been obtained, he is liable to these plaintiffs, is quite another matter which must await the trial of that issue. However we have no doubt that preliminarily the jurisdictional question may be raised and passed upon in accordance with the provisions of the Act of 1925 and that no short cut to the determination of the ultimate liability of defendant is thereby being effected.

In these views of the matter we believe that the testimony sought to be taken on the depositions the subject of this rule would be relevant and material to the jurisdictional issue raised, and that therefore the commission for said depositions should issue.

The rule is made absolute.