## Phillips *against* Phillips.

8w 195
36 SC 162

It is competent to the devisees and legatees in a will to bind themselves by a written or parol agreement to destroy it; a party to which is estopped by it from claiming a benefit by the will: and the agreement may be proved by the acts and declarations of the parties.

ERROR to the common pleas of *Berks* county.

Peter Phillips, John Phillips and others against Henry Phillips. This was an issue directed by the orphans' court of Berks county, to determine whether the title to a certain tract of land containing two hundred acres, was in the plaintiffs or in the defendant. The father of all the parties died seised of the land, having first made his will, by which he devised it to Henry Phillips, the defendant, subject to the payment of 4000 dollars to his other children, who are the plaintiffs. After the death of the testator all the children met together, and it was agreed that the will should be destroyed; whether Henry Phillips agreed to it or not, was a fact in dispute, about which much evidence was given; but the weight of which was that he, at that time, disagreed to it.

In order to show the acquiescence of Henry, and his agreement to the destruction of the will, the plaintiffs offered in evidence various acts of his, to wit: his acceptance of a lease of the land for one year; his joining his brother Peter in taking letters of administration, as in case of intestacy; and his appearing in the orphans' court and refusing to take the land at the valuation. To all this evidence the defendant objected, but the court overruled the objections and permitted the evidence to be given.

The plaintiffs also offered in evidence the deposition of the widow, which was objected to on the ground of her interest; but the court overruled the objection and she was examined.

The court below (Banks, president) submitted the cause to the jury on the matter of fact, whether the defendant had consented to the destruction of the will; and that his acts, declarations and what he had said on the subject, were legitimate subjects of consideration by the jury, to enable them to come to a conclusion on that point.

Errors assigned:

1. The court erred in admitting the testimony mentioned in the bills of exceptions.

2. The court erred in charging the jury, that if Henry Phillips consented to the destruction of the will of his father, their verdict ought to be for the plaintiffs.

3. The court erred in charging the jury, that if they believed that Henry Phillips did consent to the destruction of the will, and that such consent was fairly obtained, then their verdict should be for the plaintiffs.

4. The court erred in charging, that it was unnecessary that such consent should be in writing.

5. The court erred in not presenting the whole case fairly before the jury, and in omitting to notice very important testimony on the part of the defendant.

*Deckart* and *Strong*, for plaintiffs in error, cited 1 *Johns. Cha.* 417; 2 *Black. Com.* 161; 5 *Rawle* 86; 7 *Mass. Rep.* 112; 1 *Stark. Ev.* 105–115; 1 *Ld. Raym.* 171; 1 *Term Rep.* 302; 1 *Taunt.* 261; 4 *Watts* 199; 2 *Hen. Bl. Rep.* 263.

*Smith, contra,* 6 *Watts* 48; 1 *Chan. Cas.* 81.

The opinion of the Court was delivered by

Rogers, J.—This is a feigned issue, directed by the orphans' court of Berks county, to try the title to a tract of land containing 200 acres, situated in said county, late the property of Jacob Phillips, deceased. The issue is directed to determine whether the title is in the defendant, Henry Phillips, as a devisee under the will of Jacob Phillips, or is in him, as tenant in common with the other heirs of Jacob Phillips, deceased, who are the plaintiffs. Jacob Phillips made his last will and testament, and, among other things, devised the tract of land in dispute to his son Henry Phillips, charged with the payment of 4000 dollars to his brothers and sisters; but when the instalments were to be paid, or in what proportion to each heir, does not appear. One of the heirs made an application to the orphans' court for a partition, as in case of an intestacy. This was opposed by Henry, who alleged that his father devised the land to him, and had not, therefore, died intestate. The orphans' court having jurisdiction only where there is an intestacy, directed this issue to try the title.

It seems to be conceded that Phillips, the father, made a will in which he devised the property to his son on certain specified conditions; but it is alleged that Henry refused to accept the land on the conditions contained in the will. Whether Henry refused to accept the property is a point which was distinctly left by the court to the jury. There can be no question that Henry was at liberty to accept or refuse the devise, burthened as it was with the pay-

[Phillips v. Phillips.]

ment of a large sum of money, which may have been more than the value of the property. In Lobauk's Appeal, 6 *Watts* 167, it is decided that the acceptance of a devise of land charged with the payment of a legacy, creates a personal liability for its payment on the part of the devisee. The liability of the devisee must, therefore, depend upon the acceptance of the devise, which is a matter *en pais*, and of course may be shown by direct and positive proof, either written or parol, or his consent may be inferred from acts, such as taking possession of the land; or his refusal to take may be proved in the same manner, or may be inferred from his acts and declarations. In this point of view the leases, the administration bond of Peter and Henry Phillips, the record of the proceedings in the orphans' court, the appearance of Henry in court, and his refusal to accept the land at the appraisement, were pertinent evidence, bearing directly upon the issue; because they were the acts of the devisee in strict accordance with his alleged agreement and consent to the destruction of the will, and totally inconsistent with the allegation that he accepted the devise.

The court was requested to charge the jury that, if they were satisfied from the evidence that the defendant accepted the land under the will, then the title was so far vested in him that it could not be divested and destroyed by a parol agreement, that the will might be burned or destroyed. The court answer, that the will was good and valid in law at the testator's death; and that, if the defendant had accepted the land on the terms it was given in the will, his right to the land would have been undoubted. This I understand to be an affirmative answer to the plaintiffs' proposition. But be this as it may, yet it must be recollected that that is not the case of a divestiture of a vested interest, but the question is, whether any interest in the land was vested in the devisee. On the one hand, Henry alleges he did accept; whilst, on the other hand, proof has been given that he refused to accept any benefit under the will by consenting to its destruction, and by the performance of acts inconsistent with the existence of such an instrument. The mere cancelling a deed of lands does not divest property, which has once vested, by transmutation of possession. 2 *Johns. Rep.* 87; 2 *H. Black.* 263, 264; 3 *Term Rep.* 156. But in Wiley *v.* Christ, 4 *Watts* 199, where these authorities are cited, it is intimated that the party who has consented to the destruction of the deed would not be permitted to show, by parol or secondary proof, the former existence and contents of it. Equity and good conscience would preclude a party from setting up and claiming under a deed which he had voluntarily destroyed, and for doing which he had received a full consideration. This principle applies to wills as well as deeds, and indeed it cannot admit of doubt, that, before probate, the parties in interest would have a right to set aside a will, and such an act would be favoured when the object was to avert a family controversy. It would be against conscience to permit the devisee,

after having voluntarily consented to the destruction of the will, to give parol proof of its contents, and insist on the provisions in his own favour. If such be the facts, and the jury have so found, he is estopped to deny that his father died intestate, so far as this property is concerned. To permit it might tend to trick and artifice, and to great uncertainty as to the contents of last wills and testaments.

The plaintiff alleges that his consent to the destruction of the will was procured by fraud and undue influence. The court instructed the jury, that if they believed that the defendant did not consent to the destruction of the will, or if he did, that such consent was procured by fraud, in any way, their verdict must be for the defendant. In this direction there is nothing unfavourable to the plaintiff.

The deposition of Catharine Phillips is objected to on the ground of interest. This issue was directed to determine the title to the tract of land, claimed by Henry as devisee. It has no relation to the personal estate. In a suit between the heirs and third persons it has been ruled that the widow is a witness, and I cannot perceive the force of the objection to her competency. She is not bound by the will; for, whether it be established or not, she may elect to take her dower at common law. It is impossible to say in the absence of proof, as to the precise contents of the will, which way her interest lies. She is *prima facie* a competent witness, and it lies on the person objecting to her testimony, to prove her interest, but this they have failed to do. When the objection is of a doubtful nature, the objection goes to the credit, not to the competency, of the witness.

Judgment affirmed.