## Henderson *v.* Bishop, Appellant.

*Decedents' estates—Will—Agreement by beneficiaries—Destruction of will—Presumption that all parties interested signed.*

1. If all the parties interested in the will of a decedent agree that its provisions should be ignored and that it should be destroyed, and such agreement is duly recorded, the estate of such decedent passes under the intestate laws.

2. Where upon the death of a decedent, his widow and heirs alleging themselves to be all the parties interested in his estate, agreed in writing that the will of such decedent should be destroyed and that such widow and heirs should take under the intestate laws, and the agreement was duly recorded, and during more than thirty years thereafter the agreement was not questioned, nor the possession of those holding thereunder, there was a presumption that all parties interested in the will had signed the agreement, and in the absence of evidence to rebut the presumption, the grantees of certain real estate of such decedent acquired in partition proceedings instituted shortly after his death could convey a marketable title.

Mr. Justice MOSCHZISKER dissents.

Argued May 12, 1915. Appeal, No. 199, January T., 1915, by defendants, from judgment of C. P. Fayette Co., December T., 1914, No. 591, on verdict for plaintiff in case of Steward Henderson, Jr., William J. Noble and Charles C. Carter v. John I. Bishop, Caleb S. Ridgway,

Clarence S. Bement 'and Henry R. Edmunds, Executors and Trustees of the Estate of Jacob E. Ridgway, deceased. Before BROWN, C. J., MESTREZAT, ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on an agreement to convey mining rights under a tract of land. Before VAN SWEARINGEN, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $11,654.33 and judgment thereon. Defendants appealed.

*Error assigned*, among others, was in refusing judgment for defendants n. o. v.

*Leonard K. Guiler*, for appellants.

*Davis W. Henderson*, for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, July 3, 1915:

James M. Linn died November 20, 1883, leaving a will, and seized of certain real estate, the title to which is involved in this action. The appellees claim to have derived title from him, and the court below sustained this by directing a verdict in their favor for the purchase-money which the appellants agreed to pay for certain mining rights and privileges in the property. This direction was given in view of undisputed facts, which may be briefly stated. On December 1, 1883,—ten days after the death of James M. Linn—his widow and all of his children and heirs, alleging themselves to be all the parties interested in his estate, under his will or otherwise, entered into a written agreement, duly acknowledged and recorded, by which they agreed as follows: "First, That said last will and testament of said James M. Linn shall not be offered or admitted to probate or record, but shall be and is hereby null and void and of no force or validity, and shall on the execution and delivery of this instrument in writing, be destroyed. Sec-

ond, That they have elected and determined to have, take and hold all the real, personal and mixed estate and effects of said James M. Linn as such widow and children and heirs of said deceased under the intestate laws of the Commonwealth of Pennsylvania, and accordingly to have and to hold the same under said laws and not as legatees or devisees under said will; and that said estate hath descended and shall be divided and distributed according to said intestate laws of Pennsylvania. Third, That said Isaac L. Linn and Samuel B. Linn shall take out letters of administration upon the personal estate of said deceased and proceed thereunder according to said laws." In accordance with the provisions of this agreement, letters of administration on the personal estate of the deceased were granted on December 6, 1883, to the said Isaac L. Linn and Samuel B. Linn, who proceeded to settle the estate as though the deceased had died intestate. On March 3, 1884, proceedings were instituted in the Orphans' Court of Fayette County for the partition of the real estate of the decedent, and a purpart, which is the property involved in this action, was sold on January 21, 1885, under an order of the said court, to Mary E. Porter, one of the children of the decedent, and the title which she thus acquired is now in the appellees.

If all the parties interested in the will of the decedent agreed that its provisions should be ignored and that it should be destroyed, and the agreement was duly recorded, his estate passed under the intestate laws. The learned court below correctly held that all parties interested under the will could make such an agreement: Phillips v. Phillips, 8 Watts 195. The destruction of a will by a testator himself is the subject of legislation: Section 13, Act of April 8, 1833, P. L. 249; but an agreement, after a testator's death, by all parties interested in his will, is quite a different matter, for, if sui juris, they can do as they please with what the will gives them. After the lapse of more than thirty years from the death

of James M. Linn and the execution of the agreement —which has not been questioned during all the interval by any one interested in his estate—there is a presumption that all parties interested in the will had signed the agreement. This presumption, against which not a particle of evidence was offered, was strengthened by the testimony of Charlotte L. Phillips, a daughter of James M. Linn. If he had a marketable title to the property involved in this proceeding—and this is not questioned—it passed to the appellees as successors to the title acquired in the proceedings in partition instituted in 1884—more than thirty years ago. The title thus acquired and the possession of the property under it for nearly thirty years has never been questioned by any one having an interest in James M. Linn's estate, and a verdict was, therefore, properly directed for the plaintiffs below as the holders of a marketable title.

Judgment affirmed.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER, July 3, 1915:

I cannot agree there is any evidence that all the parties named in the will joined in the agreement for its destruction, or that there is any presumption of law or fact to that effect; hence, I am obliged to note my dissent.