## Hill et al., Appellants, *v.* Houpt et al.

*Contract—Agreement partly in writing—Real estate—Statute of frauds—Possession—Improvements.*

1. Where an agreement is partly in writing and partly oral, it must be held to be only an oral agreement, when determining whether the statute of frauds is applicable to it.

2. An agreement which is partly oral will not operate to pass title to realty mentioned in it.

3. A parol gift of real estate is void under the statute of frauds, and cannot be made valid by estoppel, in the absence of clear proof of possession taken by virtue of the agreement and of improvements made of such a character that they cannot be adequately compensated by a money verdict.

*Courts—Opinions—Obiter dicta.*

4. General expressions in an opinion must be considered in connection with the facts of the case. What is actually decided is the law applicable to those facts; all other legal conclusions therein are but obiter dicta.

Argued January 24, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 88, Jan. T., 1928, by plaintiffs, from judgment of C. P. Franklin Co., April T., 1925, No. 65, on verdict for defendant, in case of M. Bruce Hill et al. v. Carl Houpt et al. Affirmed.

Ejectment for land in Peters Township. Before DAVISON, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiffs on which judgment was entered for defendants n. o. v. Plaintiffs appealed.

*Error assigned,* inter alia, was judgment for defendants n. o. v., quoting record.

*Paul M. Crider,* with him *T. Z. Minehart* and *William S. Hoerner,* for appellants, cited; Phillips v. Phillips, 8 Watts 195; Henderson v. Bishop, 250 Pa. 484; Walworth v. Abel, 52 Pa. 370; Messmore v. Williamson, 189 Pa. 73.

*Walter K. Sharpe* and *George W. Atherton,* with them *John McD. Sharpe,* for appellees, cited: Cochran v. Young, 104 Pa. 333; McCay v. Clayton, 119 Pa. 133; Bunce v. Galbrath, 268 Pa. 389; Henderson v. Bishop, 250 Pa. 484.

OPINION BY MR. JUSTICE SIMPSON, March 12, 1928:

John Hill died leaving four pieces of real estate and certain personal property. His heirs and next of kin were five children, and two grandchildren, descendants of a deceased daughter. By his will he gave part of the personalty and two of the lots of ground to a daughter and the two grandchildren,—hereinafter called the devisees,—and directed that the rest of his estate should be sold, and the proceeds distributed among the de-

visees and his other children per stirpes. Before the will was probated, all the parties interested entered into a family agreement, part of which was in writing and part oral, stipulating therein that the will should be set aside, certain moneys and personalty should be given to two of the devisees (less in value, however, than that bequeathed to them by the will), and that "the balance of the estate be divided into six equal shares," each of the five children to receive one share, and the two grandchildren the sixth. Later the will was probated, despite the objection of the four children who were interested only in the residuary estate; and all the property (except the realty specifically devised and the personalty given by the family agreement), was sold and the proceeds distributed as provided in the agreement.

The devisees claimed, inter alia, that, since all of the family agreement was not in writing, it must be treated and considered as wholly oral, and hence, so far as concerned the two pieces of real estate which were specifically devised, it was void because of section 1 of the Act of March 21, 1772, 1 Sm. L. 389, commonly called the statute of frauds. The other four children did not assent to this, but on the contrary claimed that the family agreement gave to them an undivided two-thirds interest in the two properties. In order to have this dispute settled and the title quieted, the devisees filed a petition and obtained a rule against the other four heirs, requiring them to show cause why they should not bring an action of ejectment for the undivided interest claimed by them. The rule was made absolute, and the present ejectment begun. At the trial the court overruled the foregoing contention of the devisees, and in effect directed a verdict for plaintiffs. On a more mature consideration, however, he concluded that the statute of frauds was applicable, and entered judgment for defendants non obstante veredicto. This appeal by plaintiffs followed.

At the bar of this court, appellants' counsel expressly admitted part of the family agreement was not in writing, and that the effect of this was to make the entire agreement an oral one.  This seems to be the conclusion reached in the following cases, where, also, it is held that, for this reason, in the language of the statute, the agreement, so far as concerns the realty mentioned in it, is wholly "void": Mellon v. Davison, 123 Pa. 298; Rineer v. Collins, 156 Pa. 342; Barnes v. Rea, 219 Pa. 287; Safe Deposit & Trust Co. of Pittsburgh v. Diamond Coal & Coke Co., 234 Pa. 100; Weisenberger v. Huebner, 264 Pa. 316.

Appellants do not seriously contest this conclusion, but allege that appellees are estopped from raising the point, because they were parties to the agreement and have since accepted benefits under it.  For this contention they rely almost entirely on Phillips v. Phillips, 8 Watts 195.  There are general expressions in that opinion, which, if dissevered from the facts, would seem to sustain appellants' contention.  They cannot properly be so dissevered, however; in every case what is actually decided is the law applicable to the particular facts; all other legal conclusions therein are but obiter dicta, though they may be entitled to great consideration because of the high standing of the tribunal announcing them: Cohens v. Virginia, 6 Wheat. 264, 399; Weyerhaeuser v. Hoyt, 219 U. S. 381, 394.

If Phillips v. Phillips, supra, decided what appellants contend, we would be compelled to overrule it, for ordinarily that which a statute says shall be "void," cannot be made valid by estoppel: Washabaugh v. Entrikin, 36 Pa. 513; Miranville v. Silverthorn, 48 Pa. 147; Glidden v. Struple, 52 Pa. 400; Grim's App., 105 Pa. 375; Stivers v. Tucker, 126 Pa. 74; Mott v. Kaldes, 288 Pa. 264, 274.  In the case of a parol gift of realty, an exception is made upon clear proof of possession taken by virtue of the agreement, and of improvements made of such a character that they cannot be adequately com-

pensated by a money verdict; but neither of these things appears on this record.

Moreover, while in Phillips v. Phillips, the parties agreed, as in the instant case, to set aside the will, and one of them, named as a devisee in it, afterwards sought to avoid his agreement, at this point the analogy to the present case ends. Here the properties in dispute were given absolutely to the devisees; there the devise was expressly "charged with the payment of $4,000 to his [the devisee's] brothers and sisters." The devisee refused to accept it on these terms, and agreed that the will should be destroyed and not probated. This was done; and, therefore, as we pointed out (8 Watts 197), it was not "the case of a divestiture of a vested interest, but......whether any interest in the land was vested in the devisee." Having refused to take the property, and thereby become personally liable for the charge of $4,000, he acquired no title under the will, and this would have been so although it had been probated in due course and there had been no agreement.

In Henderson v. Bishop, 250 Pa. 484, also relied on by appellants, no question regarding the statute of frauds appears to have been raised.

The judgment of the court below is affirmed.