# Kester's Appeal.

Submitted May 8, 1940.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Paul R. Selecky,* for appellant.

*Horace A. Segelbaum,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY KELLER, P. J., June 24, 1940:

Appellants were the holders of a retail dispenser's license for malt or brewed beverages for premises 621 Miller Street, Luzerne Borough, issued under the Act of May 3, 1933, P. L. 252 (as amended by Acts of December 20, 1933, Sp. Sess. P. L. 75; July 18, 1935, P. L. 1217, and June 16, 1937, P. L. 1827) to regulate and restrain the traffic in malt and brewed beverages, etc., known as the Beverage License Law.

Sometime prior to June 1, 1939, they filed with the

Pennsylvania Liquor Control Board an application for a restaurant liquor license, under the Act of November 29, 1933, Sp. Sess. 1933, P. L. 15 (as re-enacted and amended by Acts of July 18, 1935, P. L. 1246 and June 16, 1937, P. L. 1762), entitled, as amended, "An Act to regulate and restrain the sale, manufacture, possession, transportation, importation, traffic in and use of alcohol, and alcoholic and malt or brewed beverages"; etc., known as the Pennsylvania Liquor Control Act.

Under a restaurant liquor license, the licensees would be entitled to keep and sell "liquors", purchased from a Pennsylvania Liquor Store, for consumption on the premises, as well as malt and brewed beverages; while under the retail dispenser's license, they could sell only malt and brewed beverages.

There are other material differences between them, as respects the requirements of the application, bond, etc., not necessary to be stated here.

The board refused the restaurant liquor license applied for, on the ground that the Act of June 24, 1939, P. L. 806, limiting the number of licenses for the retail sale of liquor, malt or brewed beverages, etc., prevented the issuing of the license, inasmuch as the licenses already issued under the Pennsylvania Liquor Control Act in said municipality were in excess of one of such licenses for each one thousand inhabitants or fraction thereof. See *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 10 A. 2d 899.

The applicants appealed to the Court of Quarter Sessions of Luzerne County, which, on December 13, 1939, dismissed the appeal, holding that the court had no authority to direct the Liquor Control Board to issue a restaurant liquor license in this case, or to direct the board to accept from the applicants, *at that time,* an application for a renewal of their retail dispenser's license, it not having been filed within the time fixed by the board for that license district, under the provisions of section 10 of the Beverage License Law;

thereby, in effect, upholding the construction given by the board to the Beverage License Law, the Pennsylvania Liquor Control Act and the Act of 1939, P. L. 806, respectively.

The applicants appealed to this court. The appeal will be dismissed.

Both the Pennsylvania Liquor Control Act and the Beverage License Law authorize an appeal by the applicant to the court of quarter sessions from the refusal of the board to issue a license; but following the hearing de novo before the court, and an order by the court either sustaining the refusal of the board or ordering an issuance of the license to the applicant, the statutes[1] provide, "There shall be no further appeal."

We have discussed the effect of this provision in *McGettigan's Liquor License Case,* 131 Pa. Superior Ct. 280, 200 A. 213, and need do no more here than refer to it. Under the above stated provision in the act, the appellate review of the order by this court, by way of certiorari, is limited to the question of jurisdiction and the regularity of the proceedings. In this case, the court undoubtedly had jurisdiction—it was specially committed to it—, and the proceedings were in all respects regular.

While not necessary to our decision, we may state that we are of opinion that the construction placed upon the several acts above referred to by the board and the court below was correct.

The respective licenses authorized by the several statutes are different and distinct, and transfers or exchanges from one kind of license to the other are not contemplated, except on the basis of new applications, which are subject to the limitations prescribed by the Act of 1939, P. L. 806, supra. See *Spankard's Liquor License Case,* 138 Pa. Superior Ct. 251, 10 A. 2d 899.

---

[1] Pennsylvania Liquor Control Act, P. L. 1937, p. 1781. Beverage License Law, P. L. 1937, p. 1835.

The title of the Act of 1939, P. L. 806, is not defective and in contravention of Article III, sec. 3 of the Constitution, because it purports to limit "the number of licenses for the retail sale of ...... malt *and* brewed beverages", while the body of the Act (sec. 2) provides that "No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt *or* brewed beverages", etc. The title of the act may be more inclusive than the body, but, ordinarily, may not be less. In this respect, the Act of 1939 follows exactly the language of the Beverage License Law, both as respects the 'and' in the title, and the 'or' in the body of the act. A retail dispenser's license authorizing him "to engage in the retail sale of malt *or* brewed beverages" permits him to sell malt *and* brewed beverages. He is not restricted to malt beverages alone or to brewed beverages alone. He may sell both, within the definition in section 2(a) of the Beverage License Law.

The appeal is dismissed at the costs of the appellants.