## Appeal of Elk Voiture No. 670, etc.

*John H. Cartwright,* for appellant.

*James L. Jack, Jr.,* Special Deputy Attorney General, for appellee.

HIPPLE, P. J., April 18, 1944.—This is an appeal from the refusal of the Pennsylvania Liquor Control Board to grant a club liquor license to appellant for premises located at 330 Main Street, Ridgway Borough, Elk County, Pa. Appellant is an unincorporated association or club, and on January 21, 1944, it applied for a club liquor license to the Pennsylvania Liquor Control Board. On February 10, 1944, the board at an executive session refused this application for the following specific reason:

"The quota for the Borough of Ridgway is exceeded and the board is prohibited by Act 358 from issuing

any new licenses, except hotels, for this municipality."

Appellant was further advised by the board that, inasmuch as it desired to appeal to the court of quarter sessions from the refusal of the board to grant such license, the board gave permission to appellant to waive a hearing before the board in order that an appeal might be taken to this court, and appellant duly waived a hearing and has appealed directly to this court from the action of the board.

Counsel for appellant and the board stipulated that the only question to be determined by the court is the legal construction of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1001; that the population of Ridgway Borough, Elk County, Pa., according to the 1940 census, was 6,253; that on March 2, 1944, the date the stipulation was signed, the quota of licenses for Ridgway Borough under the Quota Act of 1939 was seven licenses, and that there were in effect in Ridgway Borough 10 retail liquor licenses issued by the Pennsylvania Liquor Control Board, excluding licenses issued to clubs and hotels as defined in the Quota Act.

The interpretation of the so-called Quota Act has caused considerable confusion and a number of the lower courts have arrived at opposite conclusions by reason of its uncertainty, and because of the failure of the legislature to clarify the act or at least to permit an appeal to the Superior Court in order that there might be a standardized construction thereof. Several of the lower courts, holding that clubs are within the provisions of the Quota Act, and therefore, if the quota of licenses as determined by the provisions of the act is exceeded in a municipality, no new licenses may be issued to clubs, have stated in effect that those courts not agreeing with such conclusion adopted a course of reasoning in order to reach a desired result rather than arriving at a result through logical processes. In one of such cases it was stated that "the reasoning was

based on achievement of the desired result, that it was a rationalization of the conclusion reached, that it was merely a vehicle in which to ride to a predetermined destination"; and in another case that "the reasoning was evolved to justify the conclusion reached rather than that the conclusion was logically arrived at as a result of the reasoning". However, no consideration was apparently given in these cases to sections 51 and 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, and notwithstanding such gratuitous and unnecessary expressions of opinion, which of course are not binding upon any other lower court, it is still the duty of each court to which this question is presented to determine it in accordance with sound principles of statutory construction, and particularly with reference to the Statutory Construction Act.

No question was raised by the board that the applicant club is not a bona fide organization operated for the benefit of the entire membership and for legitimate purposes, or that the organization does not come within the definition of the word "club" in the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, sec. 2, 47 PS §744-2. The sole question for determination therefore is whether the Liquor License Quota Act of June 24, 1939, P. L. 806, prohibits the board from issuing a club liquor license to applicant because the quota of restaurant licenses for Ridgway Borough has been exceeded. This application for a club liquor license is in effect an application for a new license, as was held in Kester's Appeal, 140 Pa. Superior Ct. 293, 296, in which it was stated that "the respective licenses authorized by the several statutes are different and distinct, and transfers or exchanges from one kind of license to the other are not contemplated, except on the basis of new applications, which are subject to the limitations prescribed by the Act of 1939, P. L. 806."

The title of the Quota Act of 1939 is "An act limiting the number of licenses for the retail sale of liquor,

malt or brewed beverages, or malt and brewed beverages, to be issued by the Pennsylvania Liquor Control Board; defining hotels, and prescribing the accommodations required of hotels in certain municipalities".

The act redefines "hotel" with respect to bedrooms and population, and also defines the words "person" and "municipality". Section 2 of the act is as follows:

"Section 2. No licenses shall hereafter be granted by the Pennsylvania Liquor Control Board for the retail sale of malt or brewed beverages, or the retail sale of liquor and malt or brewed beverages, in excess of one of such licenses, of any class, for each one thousand inhabitants or fraction thereof, in any municipality, exclusive of licenses granted to hotels, as defined in this act, and clubs; but at least one such license may be granted in each municipality, except in municipalities where the electors have voted against the granting of any retail licenses. Nothing contained in this section shall be construed as denying the right to the Pennsylvania Liquor Control Board to renew or transfer existing retail licenses of any class, notwithstanding that the number of such licensed places in a municipality shall exceed the limitation hereinbefore prescribed; but where such number exceeds the limitation prescribed by this act, no new license, except for hotels as defined in this act, shall be granted so long as said limitation is exceeded."

The Quota Act must be construed in connection with the Pennsylvania Liquor Control Act and the Beverage License Law of June 16, 1937, P. L. 1827, which reenacted and further amended the earlier acts of assembly regulating the sale of liquor and malt or brewed beverages. In each of these acts, as well as in the Quota Act, certain terms or words are used and specifically defined. In the Liquor Control Act the word "club" is defined as meaning "any responsible group of individuals associated together not for profit for legitimate purposes of mutual benefit, entertainment, fellowship

or lawful convenience, having some primary interest and activity, to which the sale of liquor shall only be secondary". The definition of "club" in the Beverage Act is substantially the same. This definition does not apply in these acts to the words "person", "association", "corporation" or "hotel". In order to carry out the intention of the Quota Act it is necessary to adopt the definitions of these various words as expressed in both the Liquor and Beverage Acts, with the exception of the specific definition of "hotel" set forth in the Quota Act.

In the case of In re License of I. B. P. O. E. of W., John F. Moorland Lodge No. 801, 42 D. & C. 222, Judge Wilson of Beaver County discusses this precise question before us in a comprehensive and scholarly manner, and construes the Quota Act in the light of sections 51 and 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019. In like manner the question is discussed in an opinion filed by Kreisher, P. J., in the matter of the Appeal of Legion Home Association of Danville (Montour County), 48 D. & C. 123.

In view of these two full and complete opinions, with which we agree, it is unnecessary for us to review the question before us at length, and we adopt the opinions of Judge Wilson and Judge Kreisher as our own, except that portion of the opinion of Judge Kreisher in which he concludes that the matter should be referred back to the Liquor Control Board for a hearing. In this particular case, the board has given permission to waive a hearing before the board, and inasmuch as there are no questions to be considered by the board with relation to the legitimate character of the club or the conduct of its affairs there is no necessity for a reference back to the board.

### Order

And now, April 18, 1944, the appeal of Elk Voiture No. 670, La Societe 40 Hommes et 8 Chevaux of Ridg-

way, Pennsylvania, is sustained, and the Pennsylvania Liquor Control Board is hereby ordered and directed to issue a club liquor license to Elk Voiture No. 670, La Societe 40 Hommes et 8 Chevaux, for its premises situated at 330 Main Street, Ridgway Borough, Elk County, Pa.

Appellant is directed to pay the costs of this proceeding.