## Gaal's Appeal

*J. C. Lanshe,* for appellant.
*L. H. Schantz,* for Liquor Control Board.

HENNINGER, P. J., September 16, 1946.—Appellants, who are the holders of a retail dispenser's beverage

license for their establishment at 16 Lehigh Avenue, West Catasauqua, Whitehall Township, Lehigh County, Pa., applied to the Pennsylvania Liquor Control Board for a restaurant liquor license for the same place and have appealed to this court from the denial of that application.

The application was denied because the quota for restaurant liquor licenses in Whitehall Township is already exceeded. It is conceded that if the license applied for is a 'new' license within the meaning of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §§744-1001 et seq., then the granting of a license was barred by said act, but that if it is a transfer of a license, the Quota Act does not apply.

Judge Hargest, in a concurring opinion in Appeal of Country Club of Harrisburg, 55 D. & C. 65, 69, makes a very persuasive argument for permitting the exchange of a beverage for a liquor license without reference to the Quota Act. Appellant cites to the same effect an unpublished opinion by Judge Farrell in Frace's Appeal, no. 158, April sessions, 1946, Court of Quarter Sessions of Luzerne County; In re Inch's Appeal, 56 D. & C. 320; and Appeal of American Legion Post No. 73 Appeal, 56 D. & C. 526.

The Pennsylvania Liquor Control Board confronts us with our own opinion in American Club's Appeal, no. 39, January sessions, 1944, Court of Quarter sessions of Lehigh County. In adhering to that decision we are not relying upon the doctrine of stare decisis. We do so because we feel that we ought to follow the opinion of the Superior Court in Kester's Appeal, 140 Pa. Superior Ct. 293, which states (p. 296) :

". . . transfers or exchanges from one kind of license to the other are not contemplated, except on the basis of new applications, which are subject to the limitations prescribed by the Act of 1939, P. L. 806, supra."

We feel obligated to follow the Kester case despite the fact that the Superior Court there held that, under the Pennsylvania Liquor Control Act, no appeal lay to them upon refusal of licenses, leaving no doubt that the language above quoted was dictum and not authoritative precedent. It was, however, a deliberate pronouncement by a distinguished court through its distinguished former President Judge Keller, upon a point raised and argued in the case and it was obviously intended to be an ex cathedra statement made for the express purpose of avoiding what Judge Hargest described (p. 68) as a "reprehensible situation, for which the legislature alone can provide the remedy".

We have been unable to find a Pennsylvania case distinguishing between "judicial dictum" and "obiter dictum", a distinction made in 12 Words and Phrases 382, and defined in Crescent Ring Co. v. Traveler's Indemnity Co., 102 N. J. L. 85, 132 Atl. 106, 107, as follows:

"Obiter dictum is an expression of opinion by the court or judge on a collateral question not directly involved, or mere argument or illustration originating with him, while "judicial dictum" is an expression of opinion on a question directly involved, argued by counsel, and deliberately passed upon by the court, though not necessary to a decision; while neither is binding as a decision, judicial dictum is entitled to much greater weight than the other, and should not be lightly disregarded."

We are heartily in favor of the proposition that there is and ought to be uniform interpretation of our liquor laws throughout the Commonwealth of Pennsylvania and we, therefore, welcome, accept and adopt the opinion of our Superior Court, whether it be dictum or controlling authority, upon a subject generally within its jurisdiction.

We hold, therefore, with the Superior Court of Pennsylvania, that the holder of a malt beverage license

when applying for a retail liquor license has the standing of an applicant for a new license and that such application for a retail liquor license is subject to the provisions of the Liquor License Quota Act of 1939.

We realize that such a holding causes an inequity between the license holders of our county and those of counties holding to the contrary. Our sole duty, however, is to pronounce the law as we find it. We call upon the legislature to brave the lobbyists who thrive upon confusion in the law and either to write the law so clear that 'he who runs may read' or to permit appeals to the Superior Court, so that there may be one law for the whole State.

Now, September 16, 1946, the appeal of Joseph Gaal and Olivia M. Gaal from the order of the Pennsylvania Liquor Control Board, refusing their application for a restaurant liquor license, is dismissed at their cost.