## In re Appeals from Pennsylvania Liquor Control Board

*B. Robert Averbach*, for appellants in nos. C-1188, 1214, 1282, and 1385.

*Benjamin R. Rothman*, for appellant in no. 1229.

*Harry I. Glick*, for appellants in nos. 1277 and 1278.

*Andrew G. Uncapher*, for Liquor Control Board.

PER CURIAM, November 25, 1946.—Sections 404-408, inclusive, of the Pennsylvania Liquor Control Act of June 16, 1937, P. L. 1762, as amended by the Act of May 27, 1943, P. L. 688, 47 PS §744-404, 408, so far as now material, provide, inter alia, that any applicant who has appeared before the Pennsylvania Liquor Control Board, who is aggrieved by the order of the board refusing to grant or transfer a liquor license may appeal within 20 days from date of refusal to the County Court of Allegheny County. Such appeal shall be upon petition of applicant. The court shall

hear the application de novo, and the court shall either sustain the refusal of the board or order the issuance of the license to the applicant. There shall be no further appeal.

All the matters indicated at the numbers and terms above given are appeals from the refusals of the Pennsylvania Liquor Control Board to grant and issue retail liquor licenses for premises on which each appellant is now the holder of a malt beverage license, commonly called a beer license. In each case that license was granted by the Pennsylvania Liquor Control Board under the provisions of the Beverage License Law, of May 5, 1933, P. L. 252, as reënacted and amended by the Beverage License Law of June 16, 1937, P. L. 1827. Each of the applicants subsequently filed with the Pennsylvania Liquor Control Board application for a retail restaurant liquor license. Each application was accompanied by the liquor license bond and fee, and is otherwise in proper form under the requirements of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, as reënacted and amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-1. It is uncontradicted that at the time of the filing of each of the applications, the total number of retail liquor licenses in effect in the district in which each applicant has his place of business, calculated in accordance with the provisions of the Liquor License Quota Act of June 24, 1939, P. L. 806, 47 PS §744-1001, is already in excess of the quota permitted. On the ground that the number of retail liquor licenses therefore exceeds the limitation thus prescribed by the Quota Act, and that the board has no authority to grant and issue any new retail licenses in the localities affected—none of the applicants being within the exceptions noted in said Quota Act, supra—the board refused the application in each case.

We have heard oral arguments by able counsel representing the various applicants and by counsel for

the Liquor Control Board. Counsel for the Retail Liquor Dealers Association has appeared and filed brief as amicus curiae. The pertinent facts being conceded, the legal question before us is: May a retail liquor license be issued by the Pennsylvania Liquor Control Board in exchange for a malt dispenser's license to be surrendered if a liquor license is issued, where the proposed liquor license would be given to premises in an area where the number of retail liquor licenses calculated in accordance with the provisions of the Quota Act exceeds the limitation prescribed by said Act? We believe the answer is "No."

The regulation and restraint of the liquor traffic is statutory and the Pennsylvania Liquor Control Board has only the powers conferred upon it by statute. The Quota Act, supra, is an amendment to the Pennsylvania Liquor Control Act as it restricts the power of the Liquor Control Board conferred upon it by the latter act to issue retail liquor licenses.

Section 403 of the Pennsylvania Liquor Control Act, 47 PS §744-403, authorizes and empowers the Liquor Control Board in its discretion to grant and issue a club liquor license to a club that meets all the requirements of said act. Section 407(b) of the Pennsylvania Liquor Control Act, 47 PS §744-407, authorizes issuance of a catering license to a club that caters to groups of nonmembers, either privately or for functions. Such licenses may be transferred under section 408 of the said act (47 PS §744-408) from one person to another, or from one place to another within the same municipality or both, as the board may determine, but there is no authority in the said act to exchange such licenses. The Beverage License Law, supra, under which the club malt or brewed beverage licenses (known as a retail dispenser license) presently held by appellants, were issued, contains a similar provision in section 14 for the transfer of such licenses (47 PS §97), but there is no provision in said act for the

exchange of a license. Therefore, the exchange of licenses was not contemplated under either act. It is reasonable to assume that if the legislature had intended licenses to be exchanged, it would have so provided as it did for the transfer of licenses. There does not appear to be any doubt that when the holder of a club malt or brewed beverage license files an application for a catering club liquor license, such application is for a new license, as the two licenses are entirely different, not only with respect to the privileges thereunder, the license fee and license bond required, but they are also issued under the provisions of different statutes, neither of which provides for the exchange of one license for another.

In Kester's Appeal, 140 Pa. Superior Ct. 293 (1940), the Superior Court held:

"The respective licenses authorized by the Beverage License Law . . . and the Pennsylvania Liquor Control Act . . . are different and distinct, and transfers or exchanges from one kind of license to the other are not contemplated, except on the basis of new applications, which are subject to the limitations prescribed by the Act of June 24, 1939, P. L. 806."

It is the contention of appellants here that the restaurant liquor license for which each has applied cannot be considered a new license within the meaning of the Quota Act, supra, because if and when the said license is issued, they will surrender their present licenses, and thereby the number of retail licenses in their particular district will not be increased. Appellants cite as authorities in support of their contention, Appeal of Country Club of Harrisburg, 55 D. & C. 65 and decisions of the Quarter Sessions Courts of Lackawanna, Northumberland, Westmoreland and Montgomery Counties, all of which apparently have followed the decision of the Dauphin County Court. With due respect to the said courts, we believe that all of them erred in their conclusion that the license applied for

was not a new license within the meaning of the Quota Act, supra. The applications filed by the appellants are for new licenses, as they have heretofore held and presently hold retail malt or brewed beverage licenses, and have applied for retail restaurant liquor licenses.

In the Appeal of Country Club of Harrisburg, supra, the Dauphin County court held that the prohibition in the Liquor License Quota Act of June 24, 1939, P. L. 806, regarding "new" licenses is not against the issuance of a different class of license to be substituted for the one already in effect, but against the granting of an additional license which would increase the number of licenses then in effect. We cannot agree with such reasoning. The Liquor License Quota Act, supra; the Pennsylvania Liquor Control Act, supra; and the Beverage License Law, supra, are in pari materia, as the three acts relate to the same subject, to wit, liquor and malt or brewed beverage licenses, and, therefore, should be construed together: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 62, 46 PS §562.

The following rules of statutory construction may be helpful in the consideration of the legal questions here involved. Section 51 of the Statutory Construction Act, supra, 46 PS 551, provides:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions.

*"When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."*

Section 54 of the said act (46 PS §554) reads in part:

*"Exceptions expressed in a law shall be construed to exclude all others."* (Italics supplied.)

Also to be considered is section 3(c) of the Pennsylvania Liquor Control Act, supra (47 PS §744-3c), which provides:

"Except as otherwise expressly provided, the purpose of this act is to prohibit transactions in liquor, alcohol, and malt or brewed beverages which take place in this Commonwealth, except by and under the control of the board, as herein specifically provided, and every section and provision of the act shall be construed accordingly."

We cannot ignore what we deem to be the clear and specific prohibition in the Quota Act. The last quoted statutory provision clearly prohibits the Liquor Control Board from exchanging or substituting one license for another. As there is no statutory authority, therefore it cannot be lawfully done. Neither is there any authority in the Quota Act, supra, for the exchange of a retail malt beverage license for a retail liquor license. In fact, the exchange or substitution of one license for another can be done lawfully only by the issuance of a new license. Section 2 of the Quota Act, supra, clearly and specifically prohibits the issuance of any new license when the number of retail liquor and retail malt or brewed beverage licenses exceeds the limitation prescribed by the said Act. The words, therefore, are clear and free from all ambiguity, and, therefore, the letter of the law cannot be discharged under the pretext of pursuing its spirit: Section 51, Statutory Construction Act, supra.

In Appeal of Country Club of Harrisburg, 55 D. & C. 65, supra, the Dauphin County court said, inter alia (p. 70):

"We do think the word 'new' does not include 'exchange'; but, if it is interpreted in the sense of 'additional', then we effectuate the intention of the legislature as pointed out in the opinion of the court, because the purpose of the statute is to limit the number of licenses, and the prohibition is against increas-

ing the number of licenses where the limitation has been exceeded."

The court also said (p. 66) :

"It follows that once a quota has been exceeded, the prohibition regarding 'new' licenses is not against the issuance of a different class of license to be substituted for one already in effect, but against the granting of an *additional license* which would increase the number already in effect." (Italics supplied).

But this ignores the clear and specific prohibition in the Quota Act, supra, as to the issuance of any new license when the quota is exceeded, by excepting from said prohibition a new license issued in exchange for an existing license, when the new license did not increase the number already in effect. The legislature was not unmindful of existing licenses when it enacted the Quota Act, as it excepted from the aforementioned prohibition therein the transfer and renewal of existing licenses, but not their exchange, and also provided that notwithstanding the prohibition as to the issuance of new licenses, a new license could be issued to a hotel as defined in the said act—and as some courts hold, also to a club—and in section 3 of said act, authorized the Pennsylvania Liquor Control Board to increase the number of licenses in any such municipality which, in the opinion of the board, is located within a resort area.

The aforementioned are the only exceptions to the prohibition against the issuance of any new license when the quota is exceeded. Exceptions expressed in a law shall be construed to exclude all others: Section 54, Statutory Construction Act, supra.

The language used in the Quota Act, supra, leaves no doubt as to the legislative intent to freeze all retail liquor and retail malt or brewed beverage licenses in effect when the number of such licenses exceeds the limitation prescribed in said act, permitting only the transfer or renewal of then existing retail licenses

in accordance with the provisions of the Pennsylvania Liquor Control Act, supra.

In Appeal of Kester, supra, the same legal question here involved was considered by the Superior Court, and its decision fully supports the contention of the Pennsylvania Liquor Control Board in the instant case. While in the Kester case, the Superior Court held that the appellant had no right of appeal, the Superior Court did consider the facts which involved the exchange of licenses, and wrote an advisory opinion, which President Judge Hargest, in his concurring opinion in the appeal of Harrisburg Country Club, supra, says is "obiter dicta", and, for this reason, the lower courts are not bound by such decision. The other county court cases cited by appellants have taken the same position. However, we believe that the Superior Court, in Appeal of Kester, supra (wherein the opinion was written by the late President Judge Keller), correctly construed the point involved supra. The said decision has been cited as authority in Appeal of American Club of Coplay, Pa., 21 Lehigh 109, and in In re Appeal of Matz, 35 Luzerne 281; the foregoing two cases were decided prior to the recent Harrisburg Country Club case; also in the dissenting opinion in re Appeal from Refusal to Issue Restaurant Liquor License to Charles R. and Kathryn Frace, no. 158, April sessions, 1916, Luzerne County; In re Inch's Appeal, 56 D. & C. 320; and in recent opinions furnished us by counsel for the Pennsylvania Alcoholic Beverage Study, Inc. of Philadelphia, in the cases of Appeal of Joseph Gaal et ux., 57 D. & C. 102; The Italian American Citizens Balbo Bocciata Club and Appeal of St. Albertus Catholic Beneficial Association (Q. S., Philadelphia Co., miscellaneous docket, nos. 988 and 989), opinion by Judge Vincent A. Carroll; Appeal of C. R. Schussler (C. Q. S., Delaware Co., June term, 1946, docket A-11, p. 79), opinion by President Judge A. D. MacDade; West End Fire Com-

pany No. 3 of Phoenixville (Q. S. Chester Co.) opinion by President Judge W. Butler Windle, filed October 14, 1946.

There is no provision in either the Pennsylvania Liquor Control Act, the Beverage License Law, or the Quota Act, for the exchange or substitution of one license for another, and, since the same is not authorized by statute, it cannot be done except by the issuance of a new license, which, under the facts in the instant case, is prohibited by the Quota Act. The restaurant liquor licenses for which appellants applied, are, without any doubt, new licenses and since the number of licenses already exceed in each case the limitation prescribed by the Quota Act, supra, the Liquor Control Board is without authority to issue any of them. For the reasons given these appeals must be dismissed, and the order of the board in each case sustained.