## Vitko License

*Walter C. Herrmann*, for appellant.

*Ernest F. Walker*, for Pennsylvania Liquor Control Board.

PER CURIAM, May 3, 1948.—Appellants, the holders of an eating place retail dispenser's license under the Beverage License Law, made application to the Pennsylvania Liquor Control Board for the "transfer" of such license to a restaurant liquor license in the same premises.

The Liquor License Quota Act of June 24, 1939, P. L. 806, sec. 47 PS §744-1001, prohibits the granting of licenses in excess of one for each 1,000 inhabitants in any municipality. Appellants contend, however, that if they give up their eating place retail dispenser's license issued under the Beverage License Law the obtaining of a restaurant liquor license would not be the issuance of a new license in violation of the Quota Act.

We can find no authority in the Pennsylvania Liquor Control Act or in the Quota Act for the exchange of a retail malt beverage license for a retail liquor license. The exchange or substitution of one license for another can be lawfully accomplished only by the issuance of a new license. We are in accord with the dictum of President Judge Keller in Kester's Appeal, 140 Pa. Superior Ct. 293, 296:

"The respective licenses authorized by the several statutes are different and distinct, and transfers or exchanges from one kind of license to the other are not contemplated, except on the basis of new applications, which are subject to the limitations prescribed by the Act of 1939, P. L. 806."

We, therefore, enter the following

### Decree

And now, May 3, 1948, after hearing and upon due consideration, the refusal of the Pennsylvania Liquor Control Board to issue a restaurant liquor license to Alex and Elizabeth Vitko is hereby sustained, and the appeal is dismissed at the costs of appellants.