## Hagelgans Post No. 8253 V. F. W. Liquor License Case.

Argued November 16, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Louis G. Feldmann,* with him *Elwood H. Jones,* for appellant.

*Paul R. Selecky,* Special Deputy Attorney General, with him *Horace A. Segelbaum,* Deputy Attorney General and *Charles J. Margiotti,* Attorney General, for appellee.

OPINION BY RENO, J., January 12, 1951:

Notwithstanding Judge HIRT'S searching analysis of the Quota Law of June 24, 1939, P. L. 806, 47 P.S. §744-1001, et seq., in *Goodwill Fire Company of Bethlehem License Case,* 166 Pa. Superior Ct. 42, 70 A. 2d 706, and *Pine Grove Hose, Hook and Ladder Co. No. 1 Liquor License Case,* 167 Pa. Superior Ct. 194, 75 A. 2d 15, the appellant argues that clubs are not within the scope of the statute. The contention must be rejected.

Walter L. Hagelgans Post No. 8253 Veterans of Foreign Wars of the United States Home Association applied for a club liquor license in the Borough of West Hazleton, Luzerne County. The Liquor Control Board, finding that under the Quota Law only 8 licenses could be issued for that borough and that there were already 33 licenses in it, refused the application upon that ground, and stated: "For this reason the Board, in the exercise of the discretion authorized by law in the matter of applications for club liquor or club retail dispenser licenses, has decided that this application for a new club liquor license should be refused . . ." The court below affirmed the decision of the board upon the club's appeal.

Appellant's principal contention is that a club is not engaged in "the *retail sale* of liquor and malt or brewed beverages", within the meaning of that phrase as employed in the title and §2 of the Quota Law. (Emphasis added.) The argument rests upon an elaborate

demonstration of the differences which the legislature has enacted in respect to restaurants, hotels and clubs. These differences engaged our attention in the *Goodwill* case, and were referred to at p. 47: "We are in complete accord with the thoughtful and comprehensive opinion of President Judge HENNINGER, joined in by Judge DIEFENDERFER, of the court below. It properly disposes of every contention of the appellant in this case. Reference may be had to the opinion for the proper answers to collateral questions which we have not found it necessary to discuss."

There is, therefore, express appellate approval of the conclusion of the court below in the *Goodwill* case. Its decision, reported in 69 D. & C., 301, 315, completely answers appellant's contention: "We do not consider the differences between clubs and other licensees significant so far as the Quota Act is concerned. The main differences are: (1) That clubs may remain open for longer hours and may sell on Sundays . . .; (2) that they may not sell for off premises consumption . . .; (3) that they may sell only to members . . .; (4) that they may sell on credit . . .; (5) that they pay a greatly reduced license fee . . .; (6) that they need no amusement permit . . . . In considering the effect of these differences, we must remember that the general principle of our liquor laws is to prohibit sales while the particular items in those laws define the sole conditions on which such sales, when permitted, may be made: Commonwealth v. Williams, 133 Pa. Superior Ct. 104, 107, [1 A. 2d 812]; Commonwealth v. Bienkowski, 137 Pa. Superior Ct. 474, 479, [9 A. 2d 169]. The granting of certain privileges to certain licensees and the imposition of restrictions on others does not alter the fact that all licensees sell liquor or malt or brewed beverages and *that if they make sales for immediate consumption upon the premises, that is necessarily, by every common and accepted use of the*

*term, as well as by its use in our liquor laws, a sale at retail."* (Emphasis added.)

Moreover in the *Pine Grove* case, p. 197, we held: "A club liquor license is a license for the *retail sale of liquor* and malt or brewed beverages, though sales are limited exclusively to club members. Section 401 of the Liquor Control Act refers to the licenses therein authorized as 'hotel liquor licenses, restaurant liquor licenses, and club liquor licenses, respectively'. *They are all classified as retail liquor licenses."* (Emphasis added.)

Thus appellant's contentions have been conclusively adjudged against it by our prior decisions. And since clubs engage in "the retail sale" of liquors the title to the Quota Act provides adequate notice of the contents of the legislation, and does not violate the Constitution, Art. III §3. See *Kester's Appeal,* 140 Pa. Superior Ct. 293, 297, 14 A. 2d 184.

Judgment affirmed.