## Conemaugh Club Liquor License Case.

Argued April 11, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Ernest F. Walker,* Special Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, and *Horace A. Segelbaum,* Deputy Attorney General, for appellant.

*David C. Wolfe,* for appellee.

PER CURIAM, May 18, 1951:

This is an appeal by the Pennsylvania Liquor Control Board from an order of the Court of Quarter Sessions of Cambria County reversing the Board's refusal to issue a new club liquor license to the Conemaugh Social Club, and. commanding the Board to grant the license.

On November 24, 1947, the Conemaugh Social Club filed with the Board an application for a new club liquor license for its premises at 501 Railroad Street, East Conemaugh, Cambria County.

At a hearing before an examiner for the Board on February 6, 1948, it was stipulated and agreed that the quota for the municipality in which the applicant club was located was five licenses, and that there were six licenses in effect. The applicant club contended that the Quota Law of June 24, 1939, P. L. 806, 47 PS §744-1001 et seq.,[1] did not apply to clubs.

The Board on February 27, 1948, made its order refusing the application for license.[2]

---

[1] The Act of May 9, 1949, P. L. 964, amends section 1 of this Act by changing the requirements necessary for a hotel to qualify under the said Act. See *Liberty Fireman's Social Club Liquor License Case,* 168 Pa. Superior Ct. 500, 79 A. 2d 112.

---

[2] The Board made the following finding:

The applicant club appealed to the Court of Quarter Sessions of Cambria County. It was agreed to accept the record of the proceedings before the Board. That court sustained the appeal in its order of October 30, 1950. In directing the issuance of the license by the Board, the court below stated that its action was based on the fact that it had previously been of the opinion and had decided that the Quota Law of 1939, P. L. 806, did not apply to clubs.

Obviously, the court below failed to recognize and follow the decisions of this Court which had definitely held that clubs were subject to the Quota Law. In *Goodwill Fire Company of Bethlehem License Case,* 166 Pa. Superior Ct. 42, 47, 70 A. 2d 706 (January 12, 1950), we said that a club is subject to the Quota Law whenever it asserts a right to a license for the retail sale of malt and brewed beverages. In *Pine Grove Hose, Hook and Ladder Co. No. 1 Liquor License Case,* 167 Pa. Superior Ct. 194, 196, 75 A. 2d 15 (July 20, 1950), we again said that a club liquor license may not be issued in a municipality in which the quota of retail licenses, under the Act of 1939, P. L. 806, has been filled. Both decisions were rendered months previous to the order of the court below. Reference is made to both decisions in *Hagelgans Post No. 8253 V. F. W. Liquor License Case,* 168 Pa. Superior Ct. 260, 77 A. 2d 643 (January 12, 1951), where the contention that clubs were not within the statute was again rejected.

In *Townsend Trust,* 349 Pa. 162, 168, 36 A. 2d 438, 441, the Supreme Court, adopting the opinion of Judge

"1. The Act of June 24, 1939, P. L. 806, provides for a quota of five retail licenses for the sale of liquor and malt beverages in East Conemaugh, Cambria County, and there are at the present time six such licenses in effect which are of the type counted against the said quota. Accordingly, the quota of retail licenses for the said municipality is exceeded."

Ervin of the Court of Common Pleas of Delaware County, said: "In the first place, a lower court has no right to ignore the latest decision of the Superior Court of this Commonwealth on an issue which has been squarely decided. Until that decision should be over-ruled by the Superior Court itself or over-ruled by the Supreme Court, it is still the law of this Commonwealth, regardless of the decisions of any other court in the country, including the Federal courts." See, also, *Com. ex rel. Graham v. Graham,* 167 Pa. Superior Ct. 470, 473, 75 A. 2d 614.

We find no excuse or justification for the court below to have failed to apply the law as established by the decisions of this Court.

The order of the court below is reversed, and the order of the Board is reinstated. Costs are to be paid by appellee.